IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| JIMMY LEE HAYNES, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:24-CV-67-RWS-JBB |
| | § | |
| AMERICA'S CAR-MART, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court is Defendant America's Car-Mart Inc.'s objections to the Magistrate Judge's Report and Recommendation. Docket No. 25. Plaintiff Jimmy Lee Haynes, Jr., proceeding *pro se*, asserts three claims against Defendant under the Fair Debt Collection Practices Act, the Truth in Lending Act, 15 U.S.C. § 1635 et seq., and the Gramm-Leach-Bliley Act. Docket No. 8. These claims relate to Plaintiff's allegations that Defendant sold him a different vehicle than the one he was shown and refused to process a return. *See id.* The case was referred to United States Magistrate Judge Boone Baxter pursuant to the Court's standing order. Referral Order RS-72-3.

Defendant filed a motion to dismiss all three claims under Rule 12(b)(6). Docket No. 11. Magistrate Judge Baxter entered a 20-page report recommending the motion be granted as to Plaintiff's Gramm-Leach-Bliley Act ("GLBA") claim but denied without prejudice as to Plaintiff's Fair Debt Collection Practices Act ("FDCPA") and Truth in Lending Act ("TILA") claims. Docket No. 24. The report recommends allowing Plaintiff to amend his complaint, if warranted, to (1) add facts and allegations in support of a statutory exception to the FDCPA's "debt collector" definition,

(2) allege other statutory provisions of the TILA that might cover automobiles, and (3) add state cause of action to the GLBA allegation. *See id.*

Defendant timely objected to the report. Docket No. 25. Defendant does not identify any issues with the legal and factual reasoning in the report. *See id.* Indeed, Defendant agrees with the Court's reasoning in dismissing these claims. *See id.* at 2 ("[Defendant] requests the District Court adopt the portion of the Report finding there is no viable claim under the FDCPA. . . ."); *see also, id.* at 3 (agreeing with the report's findings that the first amended complaint does not present viable TILA claims); *id.* at 5 (agreeing with the report's findings about GLBA). Defendant instead objects to the report's recommendation that that the Court should grant leave to amend. *Id.* at 2 ("Plaintiff cannot plead any allegations, including any allegations relating to the false-name exception, which would create a viable claim under the FDCPA"); *id* at 3 ("No amount of repleading will cure Plaintiff's defects to his TILA allegations, therefore, dismissal of the TILA claim is proper."); *id*. at 5 ("[Defendant] contends no amount of repleading or introduction of new allegations under state law claims [based on a violation of the GLBA] will provide a viable private cause of action."). Defendant asserts that allowing amendment of any of the three asserted claims would be futile. *See gen. id.*

Leave to amend must "be freely given when justice so requires." *Justice v. PSI-Intertek*, No. 3:20-CV-3172-S-BN, 2021 WL 39587, at *1 (N.D. Tex. Jan. 4, 2021) (citation omitted). "Generally, a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (citing *Moawad v. Childs,* 673 F.2d 850, 851–52 (5th Cir.1982)). Granting leave to amend, however, is not required if the plaintiff has already pleaded his "best case." *Justice*, 2021 WL 39587, at *1; *see also Bazrowx*, 136 F.3d at 1054. A plaintiff has pleaded

his best case after he is "apprised of the insufficiency" of his complaint. *Justice*, 2021 WL 39587, at *1.

Defendant fails to show Plaintiff has already pleaded his best case. This is the Court's first opportunity to assess Plaintiff's claims and apprise him of their insufficiency. Upon review of the record, there is no substantial reason to deny Plaintiff leave to amend his complaint. *Justice*, 2021 WL 39587, at *2. Moreover, the report advised "Plaintiff that he should only amend his claims as instructed in the report *if there are facts supporting such amendment*." Docket No. 24 at 19 (emphasis added); *see also id.* at 8, 13–14, 1. The Court reiterates that, despite Plaintiff's *pro se* status, he must still comply with federal statutes, rules of civil procedure and the local rules—Plaintiff should seriously consider the guidance provided by the report when determining whether amendment is appropriate. *See McCalley v. Olson*, No. 421CV00511ALMCAN, 2022 WL 18141391, at *1 (E.D. Tex. Aug. 15, 2022), *report and recommendation adopted*, No. 4:21-CV-511, 2023 WL 114218 (E.D. Tex. Jan. 5, 2023) (striking amended complaint for failing to comply with local rules and the Federal Rules of Civil Procedure). In addition, as the report notes, Defendant will have the opportunity to file a motion to dismiss an amended complaint, if warranted. Docket No. 24 at 8, 14 (citing FED. R. CIV. P. 15(a)(3)).

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1)(C) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review, the Court has determined that the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that Defendant's objections (Docket No. 25) are **OVERRULED**. It is further

**ORDERED** that the Report of the Magistrate Judge (Docket No. 24) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim (Docket No. 11) is **GRANTED-IN-PART** with respect to Plaintiff's Gramm-Leach-Bliley Act claim and **DENIED-IN-PART WITHOUT PREJUDICE IN PART** as to Plaintiff's Fair Debt Collection Practices Act and Truth in Lending Act claims as specified herein. It is further

**ORDERED** that within **thirty (30) days** of this order, Plaintiff may **FILE** a second amended complaint with sufficient allegations to state plausible claims. Plaintiff is advised that he should only amend his claims as instructed in the report if the facts support his amendment. It is further

**ORDERED** that any claim not amended by the 30-day deadline will be dismissed.

**So ORDERED and SIGNED this 21st day of October, 2024.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE